| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>FORMAN HOLT<br>66 Route 17 North<br>Paramus, NJ 07652<br>Telephone: (201) 845-1000<br>Facsimile: (201) 655-6650<br>Attorneys for Barbara A. Edwards,<br>Chapter 7 Trustee<br>Erin J. Kennedy, Esq.<br>ekennedy@formanlaw.com | |
| In Re:<br><br>NELSON GONZALEZ,<br><br>                      Debtor. | Chapter: 7<br><br>Case No.: 18-13411 (SLM)<br><br>Judge: Hon. Stacey L. Meisel<br><br>Hearing Date: August 14, 2018<br>Hearing Time: 10:00 a.m. |

**CERTIFICATION OF ERIN J. KENNEDY IN
SUPPORT OF MOTION TO COMPEL DISCOVERY**

Erin J. Kennedy hereby certifies as follows:

1. I am an attorney at law in the State of New Jersey and I am a member of Forman Holt, attorneys for Barbara A. Edwards, Trustee ("Trustee") in the captioned matter.

2. On May 29, 2018, a 2004 examination subpoena was served on Nelson Gonzalez ("Debtor') by Guaranteed Subpoena Service, Inc. A copy of the subpoena and proof of service is attached as Exhibit A.

3. The subpoena directed the Debtor to produce documents on or before June 8, 2018 and to appear for an oral examination on June 14, 2018.

4. On or about June 4, 2018, I was contacted by the Debtor's attorneys' office regarding a request to extend the 2004 examination dates for thirty (30) days. I consented to this

F0026124 - 1

request and an extension was granted until June 29, 2018 for the production of documents, with the 2004 examination being rescheduled for July 12, 2018.

5. On or about July 6, 2018, documents were delivered to my office in response to the 2004 examination subpoena. It appears the documents produced may be incomplete but it not possible to determine if the production is complete without an examination of the Debtor.

6. On July 10, 2018, I was contacted by Debtor's attorney, Jonathan Stone, who indicated that he would not be able to appear for the July 12, 2018 2004 examination because he would not have time to review the documents in advance of the hearing. A copy of this correspondence is attached as Exhibit B.

7. Initially I asked Mr. Stone to advise as his availability for a 2004 examination the week of July 16th. A copy of that email is attached as Exhibit C.

8. I subsequently rescheduled the 2004 examination for July 18th with the Office of the United States Trustee then sent two emails and left one phone message with Mr. Stone asking if he would be available to appear on that date. Those emails are attached as Exhibit D.

9. On July 16, 2018, I received an email from Mr. Stone asking to schedule the 2004 exam for July 25, 2018. An email chain regarding rescheduling the 2004 examination is attached as Exhibit E.

10. The Debtor is a practicing attorney who has numerous malpractice claims against him. He is currently operating a law office, apparently as a professional corporation. It is critical that a 2004 examination take place without further delay.

11. An order has been entered extending the time for the Trustee, the Office of the United States Trustee and creditors to object to the Debtor's discharge. The current deadline for

F0026124 - 1                           2

objections is August 21, 2018. The Trustee needs has filed a motion to further extend this deadline due to this delay.

12. No motion to quash has been file in response to the subpoena.

13. I certify that the foregoing statements made by me are true to the best of my knowledge, information and belief.

*/s/ Erin J. Kennedy*
Erin J. Kennedy

Dated: July 19, 2018

F0026124 - 1                                                3